**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000288
03-JUN-2026
07:37 AM
Dkt. 105 SO**

NO. CAAP-24-0000288

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

GARY J. RICCI, Plaintiff-Appellant, v.
ANNETTE GAIOTTI, DONALD GOLDBERG, Defendants-Appellees,
and
DOES 1-10, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CCV-22-0000071)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Wadsworth and Guidry, JJ.)

Plaintiff-Appellant Gary J. Ricci (**Ricci**) appeals from the *Judgment* entered in favor of Defendants-Appellees Annette Gaiotti and Donald Goldberg (**Defendants**) on November 26, 2024, by the Circuit Court of the Second Circuit (**Circuit Court**).[1] Ricci also challenges the Circuit Court's *Order Granting Defendants[']* . . . *Motion for Partial Summary Judgment as to Medical Causation, Filed on January 29, 2024 [Dkt. 201]* (**Order Granting MPSJ**).[2]

The operative First Amended Verified Complaint, filed on March 18, 2022, asserted a single, negligence claim against Defendants. Ricci alleged that he suffered an injury to his left

---

[1] The Honorable Michelle L. Drewyer presided.

[2] Ricci originally appealed from the Order Granting MPSJ. On November 22, 2024, we temporarily remanded this matter to the Circuit Court for entry of an appealable judgment. On November 26, 2024, the Circuit Court entered the *Judgment*, which perfected the appeal under Hawaiʻi Rules of Appellate Procedure Rule 4(a)(2).

eye – his only working eye – and related damages when a rock hit him while using a weed whacker at Defendants' property (the **Incident**).  More specifically, Ricci claimed in responses to interrogatories that he suffered "loss of vision, difficulty focusing[ and] tear duct issues/soaking eye" and was "[d]epressed, worried about [his] future vision" after he "was struck in the left eye by flying debris . . . ."

On January 29, 2024, Defendants filed a motion for partial summary judgment as to medical causation (**MPSJ**).  They argued that Ricci would be unable to prove the causation element of his negligence claim, because he did not have any medical evidence that his alleged eye deficits were caused by the Incident as opposed to pre-existing conditions and injuries or subsequent events.  Defendants pointed to attached interrogatory responses and deposition testimony by Ricci indicating that he had scratched his left eye on an agave plant in March 2020, a month before the Incident; confirming that records from his treatment providers showed he had cataracts in his left eye prior to the Incident; and confirming that a treatment provider after the Incident found no evidence of a foreign body present in his left eye.[3]  Defendants argued that given these circumstances, Ricci would need expert medical testimony to establish a causal link between the Incident and his alleged eye deficits, and though the deadline for producing expert reports had passed, Ricci had not identified an expert or produced a report establishing medical causation.[4]

In opposing the MPSJ, Ricci discussed the Incident and his alleged eye injuries.  He argued that the prior agave injury to his eye was documented as a "mild abrasion."  He stated his intent to have expert testimony on medical causation at trial,

_____

[3]  Ricci stated his belief that the records from his treatment providers were falsified.  Ricci also claimed that Aloha Eye Clinic and Bennett Eye Institute, which were not named as defendants in this case, committed malpractice when treating him following the alleged Incident.

[4]  Ricci had disclosed and produced a report by a clinical psychologist, Santo Triolo, Ph.D., who provided a psychological evaluation of Ricci.  Although Dr. Triolo noted Ricci's claim of "an on the job injury involving an insult to his left eye," Dr. Triolo did not provide an opinion on causation.

2

but provided no expert report.  He also attached what appear to be unauthenticated pages from his medical records, some with handwritten notes.

In their reply, Defendants argued that Ricci had failed to support his opposition with any admissible evidence and, in particular, the attached medical records were not properly authenticated and were hearsay.  Defendants also pointed out that Ricci still did not have a medical opinion establishing causation.

Following a March 7, 2024 hearing, the Circuit Court entered the Order Granting MPSJ.[5]

On appeal, Ricci appears to contend that the Circuit Court erred in granting the MPSJ, but the opening brief contains no statement of the points of error.[6]  As best we can discern, Ricci appears to argue that:  (1) the Circuit Court applied a "double standard" when Ricci was not able to use his unauthenticated medical records to prove his case, while Defendants were allowed to use documents to make "purely unrelated, irrelevant claims"; (2) Ricci was "denied" the opportunity to retain an expert; and (3) Ricci "had arranged with doctors and was to have *4 experts at trial*[,]" who were not allowed to testify.[7]

---

[5]     The record on appeal does not include a transcript of the hearing. See Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript." (brackets omitted) (quoting Union Bldg. Materials Corp. v. The Kakaako Corp., 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984))).

[6]     Ricci's opening brief fails to comply in numerous material respects with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4).  For example, Ricci fails to provide "[a] concise statement of the points of error set forth in separately numbered paragraphs[,]" and fails to state where in the record the Circuit Court's alleged errors occurred and how the matters were brought to the court's attention.  HRAP Rule 28(b)(4).  Further, Ricci's argument is often difficult to discern and fails to provide citations to relevant parts of the record.  HRAP Rule 28(b)(7).  Nevertheless, we have "consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'"  Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (quoting Morgan v. Plan. Dep't, Cnty. of Kauai, 104 Hawaiʻi 173, 180–81, 86 P.3d 982, 989–90 (2004)).  We thus address Ricci's arguments to the extent discernible.

[7]     Other assertions made in Ricci's opening brief regarding alleged errors by the Circuit Court are waived for failure to present a discernible argument "with citations to the authorities, statutes and parts of the record relied on."  HRAP Rule 28(b)(7).

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Ricci's contentions as follows, and affirm.

We review the grant or denial of summary judgment *de novo* using the same standard applied by the trial court. Nozawa v. Operating Eng'rs Local Union No. 3, 142 Hawaiʻi 331, 338, 418 P.3d 1187, 1194 (2018) (citing Adams v. CDM Media USA, Inc., 135 Hawaiʻi 1, 12, 346 P.3d 70, 81 (2015)). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Id. at 342, 418 P.3d at 1198 (brackets omitted) (quoting Adams, 135 Hawaiʻi at 12, 346 P.3d at 81). "A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." Id. (quoting Adams, 135 Hawaiʻi at 12, 346 P.3d at 81). The evidence and the inferences drawn from the evidence must be viewed in the light most favorable to the non-moving party. Yoneda v. Tom, 110 Hawaiʻi 367, 384, 133 P.3d 796, 813 (2006) (citing Coon v. City & Cnty. of Honolulu, 98 Hawaiʻi 233, 244-45, 47 P.3d 348, 359-60 (2002)).

The moving party has the burden to establish that summary judgment is proper. Nozawa, 142 Hawaiʻi at 342, 418 P.3d at 1198 (citing French v. Haw. Pizza Hut, Inc., 105 Hawaiʻi 462, 470, 99 P.3d 1046, 1054 (2004)).

> Where the moving party is the defendant, who does not bear the ultimate burden of proof at trial, summary judgment is proper when the non-moving party-plaintiff
>
> > fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116

Hawaiʻi 277, 302, 172 P.3d 1021, 1046 (2007) (emphases omitted) (quoting Hall v. State, 7 Haw. App. 274, 284, 756 P.2d 1048, 1055 (1988)). Further, a defendant moving for summary judgment "may satisfy his or her initial burden of production by either (1) presenting evidence negating an element of the non-movant's claim, or (2) demonstrating that the non[-]movant will be unable to carry his or her burden of proof at trial." Ralston v. Yim, 129 Hawaiʻi 46, 60, 292 P.3d 1276, 1290 (2013).

"Once a summary judgment movant has satisfied its initial burden of producing support for its claim that there is no genuine issue of material fact, the party opposing summary judgment must 'demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.'" Nozawa, 142 Hawaiʻi at 342, 418 P.3d at 1198 (brackets omitted) (quoting Lales v. Wholesale Motors Co., 133 Hawaiʻi 332, 359, 328 P.3d 341, 368 (2014)).

In a negligence action, the plaintiff bears the burden of proving legal causation, which requires that the plaintiff first show that the defendant's conduct was a substantial factor in bringing about the plaintiff's injuries. See O'Grady v. State, 140 Hawaiʻi 36, 43-44, 398 P.3d 625, 632-33 (2017). Here, Defendants argued in the MPSJ that Ricci would be unable to prove the causation element of his negligence claim, *i.e.*, that Defendants' alleged conduct in connection with the Incident was a substantial factor in bringing about Ricci's alleged eye deficits. Defendants pointed to evidence of pre-existing conditions and subsequent treatment that undermined the causation element, and contended that Ricci would need expert medical testimony to establish a causal link between the Incident and his alleged eye deficits. They showed that the deadline for producing expert reports had passed, such that Ricci would be unable to present such testimony at trial. In sum, Defendants satisfied their initial burden on summary judgment.

The burden then shifted to Ricci, who did not show that he would be able to prove the causation element of his negligence claim with admissible evidence at trial. In particular, he did not show that he would be able to present expert testimony

establishing a causal link between the Incident and his alleged eye deficits.

In an ordinary negligence case, expert testimony is generally not required to establish causation. See Bernard v. Char, 79 Hawaiʻi 371, 377, 903 P.2d 676, 682 (App. 1995). In medical malpractice actions, on the other hand, plaintiffs are required to establish legal causation through expert medical testimony based on a reasonable medical probability. Estate of Frey v. Mastroianni, 146 Hawaiʻi 540, 557, 463 P.3d 1197, 1214 (2020) (quoting Barbee v. Queen's Med. Ctr., 119 Hawaiʻi 136, 158, 163, 194 P.3d 1098, 1120, 1125 (App. 2008)). This is "[b]ecause 'the causal link' between alleged acts of medical negligence and their specific results is often 'not within the realm of common knowledge[.]'" Id. (some internal quotation marks omitted) (quoting Barbee, 119 Hawaiʻi at 161, 194 P.3d at 1123).

This is not a medical malpractice action, but it is also not an ordinary negligence case, inasmuch as the proffered facts regarding Ricci's eye deficits and their potential causes do not present matters within the realm of common knowledge or ordinary experience. In these circumstances, Ricci needed to offer expert medical testimony to establish a causal link between the Incident and his eye deficits. He did not show that he would be able to provide such testimony — or any other admissible medical causation evidence — at trial.

Ricci contends that the Circuit Court applied a "double standard" when he was not able to use his medical records to prove his case, while Defendants were allowed to use documents to make "purely unrelated, irrelevant claims." In fact, Defendants relied on Ricci's interrogatory responses and deposition testimony regarding his eye deficits and their potential causes to support the MPSJ. This evidence was plainly relevant to the causation element of Ricci's negligence claim. Ricci does not deny that his opposition rested on medical records that were not properly authenticated and were hearsay. His argument is without merit.

Ricci contends that he was "denied" the opportunity to retain an expert. This contention is not supported by any evidence and, indeed, is contradicted by Ricci's claim that he had four experts ready to testify at trial. Ricci had roughly 21 months from when he filed his initial March 15, 2022 complaint to the December 4, 2023 extended deadline to disclose experts and produce their reports. His failure to do so was not the result of any denial of opportunity by the Circuit Court.

Ricci contends that he "had arranged with doctors and was to have ***4 experts at trial***[,]" who were not allowed to testify when the Circuit Court entered the Order Granting MPSJ. Ricci does not deny that he failed to provide any expert reports or opinions on causation by the December 4, 2023 deadline or thereafter, when he filed his opposition to the MPSJ. Dr. Triolo's evaluation did not provide an opinion on causation. See supra note 4. Ricci's argument is without merit.

On this record, the Circuit Court did not err in granting the MPSJ, which effectively granted summary judgment in Defendants' favor.

For these reasons the Order Granting MPSJ and the Judgment are affirmed.

DATED: Honolulu, Hawaiʻi, June 3, 2026.

On the briefs:

Gary J. Ricci,
Self-represented Plaintiff-
Appellant.

Norman K. Odani
(Law Offices of Leslie R. Kop)
for Defendants-Appellees.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge